UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JUAN TAVERAS, )<br>            ) <br>      Movant )<br>            )<br>v.            )<br>            )<br>UNITED STATES OF AMERICA, )<br>            )<br>      Respondent ) | Civil No. 06-7-B-S<br>Criminal No. 03-2-B-S |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Juan Taveras has filed a motion to vacate pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel stemming from a September 3, 2003, conviction for conspiracy to distribute cocaine. Taveras entered a guilty plea and had an evidentiary sentencing hearing in front of this Court. This Court sentenced Taveras to 118 months of imprisonment. Taveras pursued an unsuccessful direct appeal.

Taveras has presented one § 2255 ground: He asserts that his trial counsel rendered ineffective assistance in not pressing an argument that the determination of drug quantity attributable to him should be made through the prism of a "beyond a reasonable doubt" standard as opposed to a "preponderance of the evidence" standard. He argues that the testimony of a key drug-quantity witness, Michael Pushard, was questionable and that if the government was held to a higher standard of proof, "the out[]come of his trial would have been substantially different."[1] Taveras cites to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005) for the proposition that he was entitled to a beyond the reasonable doubt

---

[1]   (Sec. 2255 Mot. at 16.) The United States has treated Taveras's complaint about the Pushard testimony as a separate ground but I do not read Taveras's argument in this fashion. He points to the perceived vulnerability of this testimony to illustrate how his sentence could have been different under a beyond the reasonable doubt standard. I also do not read Taveras's memorandum as raising a claim about appellate counsel's efforts.

determination of drug quantity. He also points to the decision of the First Circuit Court of Appeals rebuffing Taveras's Blakely/Booker argument in a supplemental brief on direct appeal in which the Panel reviewed his un-preserved claim and concluded that there was not a "reasonable likelihood of a different sentencing outcome on remand" if this Court were to re-sentence Taveras in a post-Booker sentencing procedure. Taveras believes that he would have had success in front of the First Circuit (and, thus, be entitled to a new sentencing procedure) if his Blakely/Booker-esque claim was preserved at the trial court level.

    The United States has filed a motion to dismiss (Docket No. 6) and I recommend that the Court grant that motion and deny Taveras § 2255 relief.

*Discussion*

"An ineffective assistance claim requires the defendant-who bears the burden of proof, Scarpa v. DuBois, 38 F.3d 1, 8-9 (1st Cir.1994)-to show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's failures, the outcome would likely have been different." Cirilo-Munoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984) and Cofske v. United States, 290 F.3d 437, 441 (1st Cir.2002)).

*Procedural Background on Taveras's Booker Claim*

The timing of the issuance of the decisions paving the path to Booker and the proceedings in Taveras's case is important to assessing trial counsel's performance. Apprendi v. New Jersey, held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490(2000). This decision issued on June 26, 2000. On March 2, 2001, the First Circuit concluded: "Apprendi simply does not apply to guideline

findings (including, inter alia, drug weight calculations) that increase the defendant's sentence, but do not elevate the sentence to a point beyond the lowest applicable statutory maximum." United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001).

Taveras was sentenced on September 3, 2003. Blakely, extending Apprendi to a state trial court sentence finding of "deliberate cruelty" that extended the defendant's sentence to more than three years above the statutory maximum for the underlying kidnapping offense, 542 U.S. at 303, was decided on June 24, 2004. A summary affirmance of this Court's judgment was entered in his direct appeal on December 21, 2004. Booker, the case that applied the holding of Blakely and Apprendi to the United States Sentencing Guidelines, was decided January 12, 2005. On February 1, 2005, Taveras filed a petition for rehearing en banc. On February 22, 2005, the First Circuit issued United States v. Antonakopoulos, 399 F.3d 68, 80 (1st Cir. 2005) adopting a plain-error standard for its review of unpreserved Booker error.[2] On March 2, 2005, the First Circuit entered the following en banc order:

> In light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Antonakopoulos, ___F.3d ___, 2005 WL 407365 (1st Cir. Feb. 22, 2005), we invite supplemental briefing in connection with the pending petition for rehearing and rehearing en banc subject to the following: If defendant is seeking a remand to the district court for resentencing in light of Booker and Antonakopoulos, defendant is directed to file and serve a supplemental brief, not to exceed 10 pages, within 10 calendar days of this order, in compliance with applicable rules concerning briefing, as follows: 1. The brief should indicate, with references to the record, whether and if so how, the alleged Booker error was preserved below. See Antonakopoulos, 2005 WL 407365, at *6. 2. If the error was not preserved below or if there is a dispute about whether the error was preserved, the defendant

---

[2] Antonakopoulos explained:
> The plain-error standard is not met by a simple assertion that the defendant was sentenced under a mandatory Guidelines system, and so is entitled to remand. In our view, one cannot possibly say that all sentences imposed before *Booker* threatened the fairness, integrity, or public reputation of judicial proceedings, or undermined our confidence in the outcome of the sentence, simply because the Guidelines were mandatory. As to the "reasonable probability" test under the third prong, it is not met by the mere assertion that the court might have given the defendant a more favorable sentence.

399 F.3d at 80.

3

> should specify, in accordance with the standards set forth in Antonakopoulos, the circumstances warranting a remand including in particular those creating a reasonable likelihood that the district court would impose a more favorable sentence under non-mandatory Guidelines and other applicable factors. The government shall file a response, in compliance with the applicable rules, not to exceed 10 pages, within 10 calendar days of service of the defendant's supplemental brief. If the government concedes that the alleged error was preserved below but does not concede that the sentence should be vacated and remanded, the government should demonstrate why the alleged error was harmless. Defendant is cautioned that there may be some risk in seeking resentencing; in some circumstances, the sentencing judge may seek to impose a higher sentence than the defendant received under the mandatory Guidelines. See Antonakopoulos, 2005 WL 407365, at *14. If defendant decides not to seek a remand for resentencing in light of Booker, defendant shall so notify the clerk, in writing, within 10 calendar days of this order.

On April 26, 2005 the Court entered the following order:

> The panel has considered, inter alia, the parties' supplemental briefs as to whether United States v. Booker, 125 S. Ct. 738 (2005), requires resentencing. We conclude that the defendant, whose Booker claim was unpreserved, has shown no reasonable likelihood of a different sentencing outcome on remand. Consequently, the petition for panel rehearing is denied. See United States v. Gonzalez-Mercado, ___ F.3d ___, ___ (1st Cir. 2005) [2005 WL 740506, at *8]; United States v. Heideman, ___ F.3d ___, ___ (1st Cir. 2005) [2005 WL 708397, at *3]; United States v. Antonakopo[u]lo[]s, 399 F.3d 68, 81 (1st Cir. 2005).

*Merits of Taveras's Ineffective Assistance Claim*

With respect to the performance prong of the ineffective assistance claim, trial counsel cannot be said to have performed deficiently for not raising an Apprendi-based challenge that was foreclosed by Caba. See Campbell v. United States, No. 02-2378, 2004 WL 1888604, *3 (1st Cir. Aug. 25, 2004) (quoting United States v. Campbell, 268 F.3d 1, 7, n. 7 (1st Cir.2001)). What is more, this is a case in which the Court openly praised counsel for his success in pressing certain defense-favorable drug quantity challenges. (See, e.g., Sentencing Tr. at 63-64, 71.) Counsel was able to lower Taveras's offense level to 29 and obtain a 118-month sentence when the Presentence Report had reflected an offense level of 31 and a guideline range of 135 to 168 months.

With respect to the prejudice prong it appears -- just as the First Circuit concluded applying the "reasonable likelihood" standard -- that the "outcome would [not] likely have been different" had counsel preserved the challenge and this case came back for re-sentencing in a Booker-framed proceeding.[3] (Although Taveras seems to believe otherwise, it is evident that under the First Circuit's construction of Booker Taveras would not be entitled to a jury trial on his sentencing issues in a remand for a preserved Booker claim.) The Court's comments during sentencing and its choice of a sentence in the middle of the Category 29 108 to 135-month range would suggest that no benefit (and perhaps more jeopardy) would be had by Taveras in a re-sentencing. That said, the sentencing judge is in the best position to determine whether or not the outcome would likely have been different if the Court reconsidered Taveras's sentence through the post-Booker prism. See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (observing that, when, a "petition for federal habeas relief is presented to the judge who presided

---

[3] The First Circuit cites the Strickland prejudice standard in Antonakopoulos but does not elucidate the distinction between how one identifies prejudice for plain error purposes and how one identifies prejudice for purposes of the ineffective assistance of counsel inquiry. The Court, in embracing the "plain error" standard applicable to Rule 11 proceedings set forth in United States v. Dominguez Benitez, 542 U.S. 74 (2004), did note:
> The Court in Dominguez Benitez formulated its standard by noting the contrast between the Rule 11 problem it addressed and the trial error claims presented in Strickland, supra, and Brady v. Maryland, 373 U.S. 83 (1963). Both Strickland and Brady claims, inter alia, may be presented in post-conviction proceedings, at which evidence may be taken. By contrast, the defendant presenting a Rule 11 claim will rarely, if ever, be able to obtain relief in post-conviction proceedings. Dominguez Benitez 124 S.Ct. at 2340 n. 9. Without today deciding the issue of whether Booker may be raised in post-conviction relief, the Dominguez Benitez reasoning seems more apt here.

399 F.3d at 78-79. One obvious distinction between the two concerns is that the trial court gets the first whack at the latter (Strickland) prejudice analysis and the Court of Appeals must make the call, without further evidentiary development, in the former (Antonakopoulos) inquiry.

In the instant case, this Court presided over the sentencing hearing and heard the testimony of Mr. Pushard. It has heard the evidence and weighed Pushard's credibility. And, although Taveras has the mistaken notion that he would be entitled to another "trial" in which Pushard's testimony would be digested through a beyond a reasonable doubt burden of proof, even if counsel had preserved the error and the First Circuit had remanded the case this Court would still be the fact-finder on the question of drug quantity. See United States v. Aitoro, No. 04-1742, slip op. at 17-23 (1st Cir. May 12, 2006)(discussing drug quantity by-a-preponderance-of-the-evidence determination to be made by the judge on a direct-appeal remand for a defendant sentenced far above the 18 U.S.C. § 841 statutory minimum). The question for the Court in the context of a 28 U.S.C. § 2255 ineffective assistance prejudice inquiry, then, is to examine whether it would have made a different sentencing determination had the court exercised its discretion through the Booker lens and nothing in the Booker holding would require the court to revisit its credibility determination vis-à-vis Pushard and the resulting drug-quantity determination.

5

at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing.").

## *Conclusion*

For the reasons stated above, I recommend that the Court **GRANT** the United States' motion to dismiss (Docket No. 6) and **DENY** Taveras's 28 U.S.C. § 2255 relief.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 12, 2006